# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INGRAM BARGE COMPANY,<br><br>Defendant. | No. C15-1038-LTS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL AWARD OF PREJUDGMENT INTEREST** |

_____

## I.     INTRODUCTION

This case is before me on a motion (Doc. No. 101) by plaintiff Dakota, Minnesota & Eastern Railroad Corporation (DME) for a supplemental award of prejudgment interest. Defendant Ingram Barge Company (Ingram) has filed a resistance (Doc. No. 105) and DME has filed a reply (Doc. No. 106). The matter is fully briefed and ready for decision.

## II.     PROCEDURAL HISTORY

DME commenced this action by filing a complaint (Doc. No. 2) in admiralty on December 10, 2015, alleging damages from an allision on April 24, 2015, in which Ingram's barge struck DME's bridge near Sabula, Iowa (Sabula bridge). After a three-day bench trial, I issued a ruling on April 24, 2018, finding that Ingram was negligent in causing the damage to DME's Sabula bridge and awarding DME $276,860.85 in damages. *See* Doc. No. 59. I later amended the judgment to include prejudgment interest in the amount of $26,868.50. Doc. No. 73.

Ingram filed a notice of appeal (Doc. No. 69) on May 25, 2018. On March 21, 2019, the Eighth Circuit reversed my ruling and remanded the case to this court. *See Dakota, Minn. & E. R.R. Corp. v. Ingram Barge Co.*, 918 F.3d 967, 973 (8th Cir.), *cert. denied*, 140 S. Ct. 233 (2019). On remand, I again ruled in favor of DME and awarded the same amount of damages, $276,860.85, and the same amount of prejudgment interest, $26,868.50. Doc. Nos. 99, 100. DME then filed its present motion for a supplemental award of prejudgment interest.

## III. DISCUSSION

DME argues that it should be granted a supplemental award of prejudgment interest from the date of the original, vacated judgment – April 24, 2018 – to the date of the judgment on remand – December 19, 2019. Doc. No. 101 at 2. This would add 604 days to the prejudgment interest period, amounting to an additional $14,888.60. *Id.* DME contends that it cannot receive post-judgment interest from the date of the original judgment because it was vacated. *Id.* Thus, DME argues that it is appropriate to use the date of judgment on remand to determine prejudgment interest. *Id.*

Ingram argues that DME's request is actually a request for post-judgment interest, not prejudgment interest. Doc. No. 105 at 2. Relying on *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. C06-110-MWB, 2009 WL 1783496 (N.D. Iowa June 19, 2009), Ingram argues that the date for determining prejudgment interest remains April, 24, 2018, because it was the date of a "meaningful ascertainment of damages" and when "a final and appealable money judgment was ordered." *Id.* Accordingly, Ingram asserts the request for interest after that date is for post-judgment interest and is inappropriate under Federal Rule of Appellate Procedure 37(b) absent instructions from the court of appeals. *Id.* at 2–3. Indeed, Ingram argues that this court lacks the jurisdiction to award post-judgment interest without such instructions. *Id.* at 3.

In reply, DME argues that Ingram misconstrues Rule 37(b). Doc. No. 106 at 1. It contends Rule 37(b) applies only when the court of appeals directs the district court to

enter a specific money judgment on remand, which did not happen in this case. *Id.* at 1–2. According to DME, the appropriate method for determining whether the original vacated judgment date or the judgment date on remand should be used for computing prejudgment interest should be consistent with the meaning of "the date of the entry of the judgment" under 28 U.S.C. § 1961. *Id.* at 2–3. Relying on *Hysell v. Iowa Pub. Serv. Co.*, 559 F.2d 468, 476 (8th Cir. 1977), DME contends "the date of the entry of the judgment" is the judgment date on remand. *Id.* at 3–4. In *Hysell*, the Eighth Circuit considered whether the initial judgment date or the judgment date on remand was "'the date of the entry of judgment' for purposes of computing postjudgment interest." *Hysell*, 559 F.2d at 476. It concluded that the remand date was the appropriate date because the original judgment "was expressly vacated on appeal as legally insufficient" and "[i]nterest does not accrue on a vacated judgment." *Id.*

I agree with DME that Rule 37(b) does not apply here. The original ruling in favor of DME was vacated, but the Eighth Circuit did not "direct[] that a money judgment be entered" by this court on remand. I also agree that *Hysell* appears to be controlling law. It has not been overturned or abrogated, although the Eighth Circuit appears to not have followed it strictly at times. *See Swope v. Siegel-Robert, Inc.*, 270 F.3d 742, 742 (8th Cir. 2001) (original judgment date would be date for determining pre- and post-judgment interest for affirmed portion of judgment, but "date from which pre- and post-judgment interest was to be calculated on remand portion of judgment would be left to discretion of [the] district court").

I note, however, that *Hysell*, if interpreted strictly, represents a minority view among the courts of appeal. While a strict reading of *Hysell* designates the judgment date on remand for calculating post-judgment interest when the original judgment is vacated, other courts utilize a more nuanced approach to determine the appropriate start date for post-judgment interest. *Compare Hysell*, 559 F.2d at 476, *with Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1349 (Fed. Cir. 1999) ("the damages were meaningfully ascertained at the time of the initial district court judgment because that

3

damages decision was ultimately correct on the merits" despite a procedural error warranting reversal and remand that resulted in same damages finding); *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619–20 (2d Cir. 1996) (post-judgment interest should be calculated from original judgment date, instead of date when judgment was reinstated, because the damages in the original judgment were meaningfully ascertained and, ultimately, supported by the evidence); *N. Nat. Gas Co. v. Hegler*, 818 F.2d 730, 737–38 (10th Cir. 1987) (whether post-judgment interest should be calculated from original judgment date or remand judgment date depends on "the 'extent to which the case was reversed,'" and where the "reversal was not on any basic liability errors or errors in procedure which affected the basic issues" post-judgment interest accrues from the original date (citation omitted)); *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1298–99 (9th Cir. 1984) ("[A] district court may award interest for the original vacated judgment even when 'the issue of . . . liability was not firmly settled until the post-remand judgments, both of which were entered after additional factual inquiry.'" (citation omitted)). Thus, many circuits allow post-judgment interest to begin accruing from the date of the original, vacated judgment when damages were meaningfully ascertained *and* supported by the evidence in the original vacated judgment.

Because *Hysell* remains controlling circuit law, I must follow its holding. As such, post-judgment interest in this case is available only from the date of judgment on remand. I note that the outcome would be the same even under the majority approach because, at the time the original judgment was entered, damages were not meaningfully ascertained and supported by the evidence. While it turns out that the amount of damages awarded in the original judgment did not change on remand, the court of appeals vacated the original judgment and remanded the case with directions for me to address the issue of whether DME was comparatively negligent. *Dakota, Minn. & E. R.R. Corp.*, 918 F.3d at 974. In other words, the court found that my original factual findings were not sufficient to support the damages award because those findings did not specifically address comparative negligence. As such, it was entirely possible that the amount of

4

damages awarded on remand would differ from the amount ascertained in the original judgment. The amount did not differ only because I made an express finding, on remand, that DME was not comparatively negligent.[1] Thus, regardless of the method used, the date of the judgment on remand is the start date for post-judgment interest.

The issue remains whether prejudgment interest continued to accrue up until the date of the judgment on remand. Fundamentally, the parties' dispute distills down to a question of who should bear the burden when a district court commits a reversible error that does not change the ultimate outcome of the case. Because post-judgment interest does not begin to accrue until the date of the judgment on remand, if prejudgment interest accrues only until the original judgment date, the plaintiff would suffer a penalty in the form of a gap during which no interest accrues. On the other hand, assuming the prejudgment interest rate exceeds the post-judgment rate, a defendant who prevails on appeal but obtains the same result on remand would suffer from the delayed entry of final judgment by being required to pay additional interest.

Considering the applicable law and the competing interests involved, I find that a plaintiff may obtain prejudgment interest up until the date of a favorable judgment on remand. The purpose of awarding prejudgment interest is to ensure the injured party is fully compensated. *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995). The Eighth Circuit has, on at least one occasion, recognized the need for prejudgment interest to accrue until the judgment date on remand in order to accomplish this purpose. *See Scissors v. Dress Barn, Inc.*, 74 F.3d 1244 (8th Cir. 1996) (table). Indeed, awarding prejudgment interest in maritime cases is the rule rather than the exception. *City of Milwaukee*, 515 U.S. at 195. There is no compelling reason it should be denied during the period of delay between a vacated original judgment and the judgment on remand. An ultimately-successful plaintiff should not be denied interest

---

[1] Had I found DME to be comparatively negligent on remand, this would have impacted the amount of the judgment on remand. In that situation, there would be no dispute that post-judgment interest would not commence until entry of the judgment on remand.

simply because of a defendant's successful appeal that did not change the outcome of the original vacated judgment. *See Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1211 (9th Cir. 1996).

In addition, allowing interest until the judgment date on remand advances the interests of consistency and certainty. For example, if the original judgment is for the defendant, but a successful appeal by the plaintiff leads to a judgment for the plaintiff on remand, the plaintiff would receive prejudgment interest until the date of the ruling on remand.[2] There is no reason a plaintiff who receives the same favorable judgment originally and on remand should be denied the accrual of interest simply because there was a successful appeal by the defendant in the interim.

For these reasons, I find that DME is entitled to a supplemental award of prejudgment interest. As requested and explained by DME, I find that the original prejudgment interest rate applied in this case (3.25% per annum, or $24.65 per day) is appropriate for the supplemental award as well. Because 604 days elapsed between the original, vacated judgment date and the judgment date on remand, the additional award of prejudgment interest amounts to $14,888.60.

## IV. CONCLUSION

Plaintiff's motion (Doc. No. 101) for a supplemental award of prejudgment interest is **granted**. The judgment (Doc. No. 100) is hereby **amended** to reflect that plaintiff Dakota, Minnesota & Eastern Railroad Corporation is entitled to additional prejudgment interest in the amount of **$14,888.60**. This amount must be added to the amount of prejudgment interest previously awarded, $26,868.50, for a total award of prejudgment interest in the amount of **$41,757.10**.

---

[2] I note that Federal Rule of Appellate Procedure 37(b) may come into play in such a scenario if the appellate court directs that a specific money judgment be entered by the district court, but this is an exception to the rule rather than general rule.

**IT IS SO ORDERED.**

**DATED** this 3rd day of April, 2020.

_____
Leonard T. Strand, Chief Judge